### In the Matter of Thomas W. BELLEPERCHE, Petitioner.

No. 02S00–0508–DI–375.

Supreme Court of Indiana.

Oct. 25, 2010.

*PUBLISHED ORDER GRANTING CONDITIONAL REINSTATEMENT*

On September 27, 2005, this Court approved an agreed six-month suspension from the practice of law for Petitioner, all stayed, subject to probation of at least 24 months. The Court revoked his probation for violations of its terms by order dated May 3, 2006, and suspended him for six months without automatic reinstatement effective June 12, 2006. Petitioner filed a petition for reinstatement on January 6, 2010. On September 20, 2010, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in Indiana conditioned on certain terms of probation.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that the recommendation of the Disciplinary Commission should be accepted and that, accordingly, Petitioner should be re-

instated as a member of the Indiana bar subject to the following conditions:

(1) The reinstatement shall be subject to successful completion of probation of at least three years on terms to be determined by the Judges and Lawyers Assistance Program ("JLAP") consistent with the hearing officer's recommendations.

(2) Petitioner shall have no violations of the terms set by JLAP, the law, or the Rules of Professional Conduct during his probation.

(3) If Petitioner violates his probation, the Commission may petition the Court to revoke his probation and to re-impose his suspension without automatic reinstatement.

Petitioner's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

IT IS, THEREFORE, ORDERED that the petition for reinstatement of Petitioner is hereby granted and that Petitioner is conditionally reinstated as a member of the Indiana bar subject to the terms and conditions of probation stated above.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.